**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:25-cv-21920-RAR

OSCAR HERRERA,

Plaintiff,

v.

ATTON HOTELS MIAMI, LLC, d/b/a
NOVOTEL MIAMI BRICKELL HOTEL,
a Florida limited liability company,

Defendant.
_______________________________________/

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, **ATTON HOTELS MIAMI, LLC d/b/a NOVOTEL MIAMI BRICKELL HOTEL** ("**Defendant**"), submits its Answer and Affirmative Defenses to the Complaint (the "**Complaint**") [ECF 1] filed by Plaintiff **OSCAR HERRERA** ("**Plaintiff**"). In support, Defendant states as follows:

1. Defendant admits the allegation contained in Paragraph 1 of the Complaint that this action arises from a purported violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-12189 (the "**ADA**") (Count I). Defendant denies that it violated the ADA and denies that Plaintiff is entitled to any relief under the ADA.

2. Defendant admits the allegation contained in Paragraph 2 of the Complaint that this Court has jurisdiction pursuant to 28 U.S.C. § 1331, and that this action arises from a purported violation of the ADA. Defendant denies that it violated the ADA, and denies that Plaintiff is entitled to any relief under the ADA.

3. Defendant admits the allegation contained in Paragraph 3 of the Complaint that venue is proper in this Court, but denies that it violated the ADA, denies that Plaintiff is entitled to any relief under the ADA, and denies that any injuries occurred.

4. Defendant is without knowledge or information as to the allegations contained in Paragraph 4 of the Complaint, and, therefore, denies same.

5. Defendant is without knowledge or information as to the allegations contained in Paragraph 5 of the Complaint, and, therefore, denies same.

6. Defendant is without knowledge or information as to the allegations contained in Paragraph 6 of the Complaint, and, therefore, denies same.

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint that it is a Florida corporation located at 1500 SW 1st Ave, Miami, Florida, transacts business in Florida as a hotel, and is located within this judicial district. Defendant denies the remaining allegations in Paragraph 7.

8. Defendant is without knowledge or information as to the allegations contained in Paragraph 8 of the Complaint, and, therefore, denies same.

9. Defendant is without knowledge or information as to the allegations contained in Paragraph 9 of the Complaint, and, therefore, denies same.

10. Defendant admits the allegation contained in Paragraph 10 of the Complaint that it is a hotel operating under the name "Novotel Miami" and is open to the public. The remaining allegations contained in Paragraph 10 of the Complaint are conclusions of law which cannot be admitted or denied as statements of fact.

11. The allegations contained in Paragraph 11 of the Complaint are conclusions of law which cannot be admitted or denied as statements of fact.



shutts.com | FORT LAUDERDALE | JACKSONVILLE | MIAMI | ORLANDO | SARASOTA | TALLAHASSEE | TAMPA | WEST PALM BEACH

12. Defendant admits the allegations contained in Paragraph 12 of the Complaint that the hotel has a website (https://www.novotelmiami.com) (the "**Website**").

13. Defendant admits the allegation contained in Paragraph 13 of the Complaint that the Website provides information to customers.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant is without knowledge or information as to the allegations contained in Paragraph 19 of the Complaint, and, therefore, denies same.

20. Defendant is without knowledge or information as to the allegations contained in Paragraph 20 of the Complaint, and, therefore, denies same.

21. Defendant denies the allegations contained in Paragraph 21 (including its subparts) of the Complaint .

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.



shutts.com | FORT LAUDERDALE | JACKSONVILLE | MIAMI | ORLANDO | SARASOTA | TALLAHASSEE | TAMPA | WEST PALM BEACH

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. The allegations contained in Paragraph 38 of the Complaint are conclusions of law which cannot be admitted or denied as statements of fact.

39. The allegations contained in Paragraph 39 of the Complaint are conclusions of law which cannot be admitted or denied as statements of fact.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant admits the allegation contained in Paragraph 42 of the Complaint that it is aware of its responsibilities under the ADA and complies with such. The remaining allegations contained in Paragraph 41 of the Complaint are conclusions of law which cannot be admitted or denied as statements of fact.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant admits the allegation contained in Paragraph 46 of the Complaint that Plaintiff has retained counsel, but is without knowledge or information as to Plaintiff's obligations, and, therefore, denies same. Defendant denies the remaining allegations contained in Paragraph 46 of the Complaint.

**COUNT I: VIOLATION OF THE ADA**

47. Defendant reasserts its responses to the allegations contained in Paragraphs 1 to 46 of the Complaint as if fully set forth herein.

48. The allegations contained in Paragraph 48 of the Complaint are conclusions of law which cannot be admitted or denied as statements of fact.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. As to the allegations contained in Paragraph 50 of the Complaint, Defendant admits that the language of the ADA speaks for itself, and denies Plaintiff's allegations to the extent these differ from the ADA, its regulations, and its legislative history.

51. As to the allegations contained in Paragraph 51 of the Complaint, Defendant admits that the language of the ADA speaks for itself, and denies Plaintiff's allegations to the extent these differ from the ADA, its regulations, and its legislative history.

52. As to the allegations contained in Paragraph 52 of the Complaint, Defendant admits that the language of the ADA speaks for itself, and denies Plaintiff's allegations to the extent these differ from the ADA, its regulations, and its legislative history.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. As to the allegations contained in Paragraph 60 of the Complaint, Defendant admits that the language of the ADA speaks for itself, and denies Plaintiff's allegations to the extent these differ from the ADA, its regulations, and its legislative history.

61. As to the allegations contained in Paragraph 61 of the Complaint, Defendant admits that the language of the ADA speaks for itself, and denies Plaintiff's allegations to the extent these differ from the ADA, its regulations, and its legislative history.

62. As to the allegations contained in Paragraph 62 of the Complaint, Defendant admits that the language of the ADA speaks for itself, and denies Plaintiff's allegations to the extent these differ from the ADA, its regulations, and its legislative history.

63. As to the allegations contained in Paragraph 63 of the Complaint, Defendant admits that the language of the ADA speaks for itself, and denies Plaintiff's allegations to the extent these differ from the ADA, its regulations, and its legislative history.

64. Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65. Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66. Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67. Defendant admits the allegation contained in Paragraph 67 of the Complaint that the Court has jurisdiction to grant relief, but denies the remaining allegations (including the subparts), denies that it violated the ADA, and denies that Plaintiff is entitled to any relief under the ADA.

68. Defendant admits the allegation contained in Paragraph 68 of the Complaint that Plaintiff has retained counsel, but is without knowledge or information as to Plaintiff's obligations, and, therefore, denies same. Defendant denies the remaining allegations contained in Paragraph 68 of the Complaint, and denies the "WHEREFORE" Paragraph (and its subparts) immediately following Paragraph 68 of the Complaint.

69. Defendant denies any and all allegations of the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Website is not a place of public accommodation under the ADA.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff’s requested modifications, alterations, and renovations as set forth in the Complaint are not required by the ADA because, *inter alia,* they are not readily achievable.

**THIRD AFFIRMATIVE DEFENSE**

At all times material herein, Defendant has sought to remove barriers and taken other readily achievable actions to comply with the ADA requirements. Moreover, where warranted, Defendant has made reasonable accommodations available to individuals with physical disabilities who are covered by the ADA.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that the Website does not meet Plaintiff's standards of accessibility, equivalent facilitations in terms of policies, practices, procedures, and provisions of auxiliary aids and services, were available to Plaintiff, as well as other similarly situated individuals with disabilities, and these provide full and equal access to the Website. Defendant's business does not violate any law, code, regulation, guideline, or provision, and accommodations normally sought and used by the public are accessible to and useable by persons with disabilities. *See* ADAAG § 2.3 (equivalent access) and 28 C.F.R. 36.402 (readily accessible to the maximum extent feasible).

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff’s requested modifications, alterations, and renovations as set forth in the Complaint are not required by the ADA because, *inter alia,* they would place an undue burden or hardship on Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent that the demanded modifications or alterations would fundamentally change/alter the nature of the goods, services, facilities, privileges, advantages, or accommodations at the property, they are not required pursuant to the ADA.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred to the extent the ADA does not require Defendant to implement the policies and procedures demanded in the Complaint, and it would violate Defendant's due process to impose liability for failure to abide by alleged accessibility standards about which the government has not given Defendant fair notice.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to seek an injunction because there are reasonably accessible alternatives to the alleged barriers of the Website and because Plaintiff has no immediate threat to future harm.

**NINTH AFFIRMATIVE DEFENSE**

The Complaint is barred to the extent Plaintiff is not a bona fide purchaser or patron of Defendant's goods or services.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to seek injunctive relief regarding alleged barriers that are unrelated to and do not impact Plaintiff's alleged disability, to the extent Plaintiff suffered any injury in fact. Plaintiff's prayer for injunctive relief is barred on the grounds the alleged harm Plaintiff seeks to enjoin is moot and entirely speculative and Plaintiff lacks standing to assert same. Specifically, Defendant asserts on information and belief that Plaintiff lacks a legitimate interest in visiting Defendant's facilities.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing because he failed to suffer any injury in fact, and failed to suffer an actual or imminent injury as required by applicable law. Further, Plaintiff lacks standing to bring this action in that Plaintiff has no intention of enjoying the goods and services of the places of public accommodation or services at issue. To have standing to seek injunctive relief under the ADA, a plaintiff "must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1334 (11th Cir. 2013) (citation omitted); *see also Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) ("In ADA cases, courts have held that a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant.").

**DEMAND**

**WHEREFORE**, Defendant respectfully requests that the Court enter an Order dismissing the Complaint in its entirety with prejudice, awarding Defendant its costs, litigation expense, and reasonable attorneys' fees pursuant to 42 U.S.C. § 12205, and granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

**SHUTTS & BOWEN LLP**
Attorneys for Defendant
200 S. Biscayne Boulevard
Suite 4100
Miami, Florida 33131
(305) 347-7337
(305) 347-7837 (Facsimile)
rllorens@shutts.com

By: *s/ Rene Gonzalez-LLorens*
Rene Gonzalez-LLorens
Florida Bar No. 53790

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 19th day of May, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF which sent notice to:

Roderick V. Hannah, Esq.
Roderick V. Hannah, Esq., P.A.
Counsel for Plaintiff
4800 N. Hiatus Road
Sunrise, FL 33351
Telephone: 954/362-3800
Facsimile: 954/362-3779
Email: rhannah@rhannahlaw.com

Pelayo M. Duran, Esq.
Law Office of Pelayo Duran, P.A.
Counsel for Plaintiff
4640 N.W. 7thStreet
Miami, FL 33126-2309
Telephone: 305/266-9780
Facsimile: 305/269-8311
Email: duranandassociates@gmail.com

*s/ Rene Gonzalez-LLorens*
Rene Gonzalez-LLorens

MIADOCS 29911298 1